Doris Ann DIXON (now Whitaker) *v.*
Francis Joe DIXON

5-5737                                    475 S.W. 2d 695

Opinion delivered February 7, 1972

*Hardin, Jesson & Dawson,* for appellant.

No brief for appellee.

John A. Fogleman, Justice. Appellant was granted an absolute divorce from appellee on December 4, 1959. She was awarded custody of their three minor children. Appellee was directed to pay the sum of $25 per week for the support of these children. The oldest child, a daughter, attained her majority and married. The remaining two are sons, aged 14 and 12 at the time of the decree from which this appeal is taken. This decree was entered upon appellant's petition for an increase in the amount of child support because of alleged changes in circumstances and appellee's responsive prayer for a reduction in child support because there remained only two children entitled to support by him.

The changes of circumstances alleged were that $25 per week was inadequate for the support of the two boys at their present ages and that appellee's present income was such that he was now able to pay a larger amount. The chancellor denied the requests of both parties, directing that appellee continue his weekly payments in the amount of $25 and permitting him to

claim the two sons as dependents on his income tax return. Appellant's sole point for reversal is that the chancellor erred by denying an increase in the amount of support payments. We affirm because we cannot say that the court's action in this respect was against the preponderance of the evidence.

The facts were stipulated. Appellee had a gross income of less than $4,000 in 1959. His gross income amounted to $7,616 in 1970. Except for undisputed facts earlier recited, this was all the evidence on the material facts. The parties stipulated that the only issue was whether the circumstances have materially changed so as to warrant an increase in child support and, if so, the amount of such increase.

There is no evidence about the present cost of the support of these boys, or concerning the appellant's income or property, either presently or at the time of the divorce. There is no evidence as to appellee's financial condition, his condition of health or his present family obligations and no comparison of his cost of living or tax liability. We are urged to increase the chancellor's award according to the necessity of the children and the ability of the father without any adequate basis for comparison of these factors now and at the time of the divorce. We are quite willing to recognize that the cost of the support of these two boys was substantially greater in 1971 than in 1959, both because of the difference in their ages and increases in cost of living in that interval. With no more information than we are afforded, we are unable to say that there is a clear preponderance of evidence warranting more than the chancellor allowed, i. e., the continued payment of $25 per week for the support of two children rather than three.

The decree is affirmed.

HARRIS, C. J., dissents.

CARLETON HARRIS, Chief Justice, dissenting. I am firmly of the opinion that, under the stipulation entered into by the parties, it is shown that circumstances

have materially changed so as to warrant an increase in child support. The two minor boys are now of the ages of 14 and 12 respectively. Of course, their needs are far greater than when they were only 2 and 1½ years of age respectively (their ages when appellant and appellee were divorced). So—there has certainly been a change of circumstances in that respect. It was also stipulated that appellee only earned something less than $4,000.00 in 1959, the year of the divorce, as compared to $7,616.00 during 1970. There again is an obvious change from original conditions. The fact that these children are now 12 years older than they were when the divorce decree was granted and the further fact that the father now earns nearly twice as much as he did at the time of the divorce, are, as far as I am concerned, sufficient circumstances to warrant an increase in support payments.

I therefore respectfully dissent.